Eastern District of Kentucky
FILED
FEB 12 2008
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO.** 07-177-JBC

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**ABDALLAH ALI ADDARRAT** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute 100 kilograms or more of marijuana, and Count 2, charging criminal forfeiture.

2. The essential elements of Count 1 are:

(a) That two or more persons agreed to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, and

(b) That at some time during the existence of the agreement, the Defendant knew the purpose of the agreement, and then deliberately joined the agreement.

3. The essential elements of Count 2 are:

(a) That the Defendant was convicted of the drug trafficking offense charged in Count 1, and

(b) That the property listed in Count 2 was used to facilitate the drug trafficking offense charged in Count 1 or it either directly or indirectly represents proceeds of the Defendant's drug trafficking.

cc: USR, USP 13

4. As to Counts 1 and 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning on an unknown date and continuing through July 9, 2007, the Defendant agreed with other persons to distribute marijuana in Kentucky. The Defendant obtained the marijuana from persons in Arizona, who then transported it to Kentucky, where the Defendant then distributed it in Lexington and Louisville, Kentucky. During this agreement, the Defendant obtained and distributed between at least 700 kilograms but less than 1000 kilograms of marijuana, which he sold at an average price of $1,000 a pound. The Defendant generated approximately $1,400,000.00 through his illegal distribution of marijuana.

(b) Marijuana is a Schedule I controlled substance.

5. The statutory punishment for Count 1 is imprisonment for not less than five years and not more than forty years, a fine of not more than $2,000,000, and a term of supervised release of not less than four years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. The statutory punishment for Count 2 is forfeiture of the Defendant's interest in the property.

7. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2006, manual, will determine the Defendant's guideline range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct set forth in paragraph 4.

(c) Pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(5), the base offense level is 30 because the offense involved at least 700 kilograms but less than 1,000 kilograms of marijuana.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the applicable advisory sentencing guidelines range.

10. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

11. The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Information and all matters about which he provided information to law enforcement during interviews and proffers, including testifying in all proceedings, whether in Kentucky, Arizona, or elsewhere. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the

prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and to sentence below the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.

12. The Defendant forfeits his interest in the property listed in Count 2 and will execute a Consent Decree of Forfeiture and any other documents required to accomplish forfeiture of his interest.

13. The Defendant abandons to the Lexington Police Department his interest in any property seized from him in this case and agrees to its destruction or disposition in accordance with law enforcement policies and procedures. The Defendant will execute any documents required to accomplish such abandonment. The Defendant also forfeits his interest in the 2004 silver Nissan Maxima he was driving when arrested on July 9, 2007, while attempting to purchase illegal drugs as well as the $10,123.00 in United States currency he possessed at the time of his arrest and was going to use to purchase the illegal drugs.

14. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

Date: 10-9-07 By: [signature]
Kevin C. Dicken
Assistant United States Attorney

Date: 10-18-07 [signature]
Abdallah Ali Addarrat
Defendant

Date: 10-18-07 [signature]
Tucker Richardson
Attorney for Defendant

**APPROVED**, this 17th day of February, 2007.

[signature]
UNITED STATES DISTRICT JUDGE